IN THE UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF ARKANSAS
                              EASTERN DIVISION


BILL HARRIS                                                    PETITIONER


vs.                    Civil Case No. 2:05CV00120 HLJ


LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                    RESPONDENT


                   **PROPOSED FINDINGS AND RECOMMENDATIONS**

                                **INSTRUCTIONS**

     The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

     If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

### **DISPOSITION**

Now before the court is a Motion to Dismiss this petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Bill Harris, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner was convicted on January 30, 1990, of two counts of first degree murder in the Northern District of Oklahoma, and he received two concurrent life sentences of imprisonment and was ordered to make restitution. The Tenth Circuit affirmed his convictions, but vacated the order of restitution and remanded for reconsideration of that issue on February 21, 1992. U.S. v.

Harris, 956 F.2d 279 (10th Cir. 1992)(table).  In the present petition, Petitioner raises the following grounds for relief:

> 1. The district court lacked subject matter jurisdiction to charge, convict and sentence him because the crime was not committed on Indian land; and
>
> 2.  He was charged and convicted under a statute that only made his acts a crime if he was an Indian, which he is not.

Challenges to convictions are more properly brought under 28 U.S.C. § 2255 in the sentencing court, rather than in a § 2241 petition in the district of confinement.  See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).  The savings clause of § 2255 allows a petitioner to challenge his conviction or sentence under § 2241, but "only if it 'appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.'"  Id.; 28 U.S.C. § 2255.  It is petitioner's burden to establish § 2255 is inadequate or ineffective as a remedy. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).

The Tenth Circuit addressed ground two on direct appeal and rejected it.  U.S. v. Harris, p. 3.  Section 2241 is not available to relitigate that issue.  In addition, although the Tenth Circuit stated in its decision that the prosecution proved at trial the alleged murders occurred within Indian country, and that Petitioner had not challenged the basis for federal jurisdiction, id., Petitioner states on page two of the present petition that he raised ground one in a motion seeking permission to file a second

or successive § 2255 petition, and the Tenth Circuit addressed the claim.  He merely disputes that court's resolution of the issue.

> Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

<u>United States v. Lurie</u>, 207 F.3d at 1077 (citations omitted).

I find Petitioner has not stated sufficient grounds for invoking the savings clause.  Thus, the issues he raises may not be addressed under § 2241.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss be, and it is hereby, granted.  The Petition is dismissed with prejudice and the relief prayed for is denied.  All pending motions are denied.

SO ORDERED this 1st day of November, 2005.

_____
United States Magistrate Judge